**James T. GIBSON, Sr., Plaintiff,**

v.

**TANKS INCORPORATED, Utility Service, Inc., Defendant.**

**No. 2:95CV228.**

United States District Court, M.D. North Carolina, Greensboro Division.

April 19, 1996.

Judgment Dismissing Claims May 14, 1996.

Cheryl K. David, Greensboro, NC, for plaintiff.

Paul E. Marth, Greensboro, NC, for defendant.

## MEMORANDUM OPINION AND ORDER

TILLEY, District Judge.

Defendant Tanks Incorporated, Utility Service, Inc. ("Tanks") has filed a Motion for Partial Summary Judgment, seeking judg-

---

**2.** The Court must also dismiss the claim under 5 U.S.C. § 7513 as that statute applies only to federal employees.

ment as a matter of law on Plaintiff's sexual harassment claim under Title VII, 42 U.S.C. § 2000e *et seq.* For the reasons set forth below, Tanks' Motion for Partial Summary Judgment is GRANTED.

## I.

The facts stated in the light most favorable to Mr. Gibson are as follows: James T. Gibson, Sr. ("Gibson"), the Plaintiff, was employed as a laborer by Tanks. In September, 1993, Gibson worked on a crew supervised by Ronnie G. Davis ("Davis") in Florida. During the Florida job, Davis used sexual epithets, conditioned receipt of expense money and the number of hours credited to Gibson on sexual favors, and poked and grabbed Gibson and other crew members in the buttocks and genital area.

On March 28, 1995, Gibson filed a Complaint against Tanks alleging claims of sexual harassment under Title VII, negligent retention, negligent and/or intentional infliction of emotional distress, assault and battery, and violation of the North Carolina Equal Employment Practices Act. On May 9, 1995, Tanks moved to dismiss the assault and battery claim, emotional distress claim, and the claim under the North Carolina Equal Employment Practices Act. Tanks' Motion to Dismiss was granted on July 6, 1995. Thus, only Gibson's Title VII and negligent retention claims remain. Tanks has filed a Motion for Partial Summary Judgment, seeking judgment as a matter of law on Gibson's Title VII claim.

## II.

Summary judgment is proper only if there is no genuine issue as to any material fact. The moving party on a motion for summary judgment will have the burden of pointing to deficiencies in the record as to matters upon which the opposing party has the burden of proof such that the opposing party cannot prove its claim or defense or showing otherwise why, upon the undisputed facts in the record, the moving party is entitled to judgment as a matter of law. The party opposing the motion for summary judgment may not merely rest on its pleadings, but must provide evidence or point to evidence already in the record, properly authenticated pursuant to Rule 56(e), that would be sufficient to support a jury verdict in its favor. *See* Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Orsi v. Kirkwood,* 999 F.2d 86 (4th Cir.1993); *Herold v. Hajoca Corp.,* 864 F.2d 317 (4th Cir.1988), *cert. denied,* 490 U.S. 1107, 109 S.Ct. 3159, 104 L.Ed.2d 1022 (1989).

Title VII of the Civil Rights Act of 1964 provides that it is "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). An employee claiming hostile-environment sexual harassment by his employer must prove: (1) that the conduct in question was unwelcome, (2) that the harassment was based on his sex, (3) that the harassment was sufficiently pervasive or severe to create an abusive working environment, and (4) that some basis exists for imputing liability to the employer. *Swentek v. USAIR, Inc.,* 830 F.2d 552, 557 (4th Cir.1987).

In *McWilliams v. Fairfax County Bd. Of Supervisors,* 72 F.3d 1191 (4th Cir. 1996), the Fourth Circuit held that a Title VII hostile-environment claim does not lie where both the alleged harasser and the victim are heterosexuals of the same sex. *Id.* at 1195. In such a case, the alleged harassment is not "because of the [claimant's] sex." *Id.* at 1195–96. In *McWilliams,* both the plaintiff and his alleged harassers were males, and no claim, either by allegation or proffered proof, was made that any were homosexuals. *Id.* at 1195. The majority opinion specifically disagreed with Judge Michael's dissenting opinion that an alleged harasser's homosexuality could be inferred from the nature of the harassing conduct. *Id.* at 1195 n. 5. While not explaining what evidence would be sufficient to show that one of the parties involved in the harassment was homosexual, *McWilliams* is clear that an in-

ference from the harassing conduct is not sufficient.

In this case, both Gibson and his alleged harasser, Davis, are males. There is no allegation in the Complaint or evidence in the record that either Gibson or Davis is homosexual. In fact, Gibson's deposition indicates that Davis was married during the time the alleged sexual harassment occurred.[1] For these reasons, Tanks is entitled to judgment as a matter of law on Gibson's Title VII claim under the holding of *McWilliams.*

### III.

Based on the Fourth Circuit's holding in *McWilliams,* Tanks is entitled to judgment as a matter of law on Gibson's Title VII claim. Tanks' Motion for Partial Summary Judgment is therefore GRANTED.

### JUDGMENT

On March 28, 1995, James T. Gibson filed a Complaint against Tanks Incorporated, Utility Service, Inc. alleging claims for sexual harassment under Title VII, negligent retention, negligent and/or intentional infliction of emotional distress, assault and battery, and violation of the North Carolina Equal Employment Practices Act. On July 6, 1995, Gibson's assault and battery claim, emotional distress claim, and his claim under the North Carolina Equal Employment Practices Act were dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On April 19, 1996, Gibson's Title VII claim was dismissed under Rule 56(c) of the Federal Rules of Civil Procedure. Because federal jurisdiction over Gibson's Complaint was based on his Title VII claim, Gibson's remaining negligent retention claim, a claim based on state law, is DISMISSED pursuant to 28 U.S.C. § 1367(c)(3).

---

**1.** In his deposition, Gibson testified about a phone call he answered from Davis' wife. Gib-     son Dep. at 42.